In re BRANDT.
Patent Appeal No. 3087.

Court of Customs and Patent Appeals.
April 24, 1933.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant, Edward J. Brandt, filed his application in the United States Patent Office on May 24, 1924, for a patent on certain improvements in money handling machines. As a result of the proceedings in the Patent Office, the examiner rejected claims 18, 19, and 22 to 28, inclusive, of said application. This decision was affirmed by the Board of Appeals, and the appellant has brought the case here. Claims 18 and 24 are thought to be typical of the rejected claims, and are as follows:

"18. A money handling machine including a spout adapted to receive coins discharged from a coin tray, said spout being interchangeable to either end of the machine and adapted for horizontal adjustment while at either end."

"24. The combination with a coin holding machine having several outlets for liberated coins, of a delivery spout, and lateral adjustable means for connecting said spout to the holder in operative association with any one of said delivery outlets whereby said spout may deliver from various points relative to the machine and be adjustable in any of its positions, the lateral adjusting means permitting the coin spout to project in the same general direction from the machine irrespective of its particular point of attachment."

The references relied upon by both tribunals in the Patent Office are as follows:

Beck, 1,462,679, July 24, 1923.
King, 1,475,585, November 27, 1923.
Clarke, 718,092, January 13, 1903.

Appellant's device is of the type generally in use in banks, and "wherein coins are adapted to be delivered from a coin tray or magazine by operating keys bearing suitable designating marks to deliver the proper number of coins desired."

The claimed novelty in appellant's machine is the use of a delivery spout which is adjustable, vertically or horizontally, which may be placed at either end of the machine, as desired, by the use of screws.

The Board of Appeals was of the opinion that neither of these claimed novel features was new in the art, and rejected the claims on the references Beck and King, in view of Clarke, and upon the further ground that mere adjustability did not constitute patentable subject-matter.

Beck shows a spout on a similar machine which may be placed at either end of the machine. His specification states: " * * * The two openings 15 are provided in the casing side walls to permit either a right hand or a left hand coin delivery chute to be provided with the machine." This spout is not adjustable, horizontally or vertically.

King shows a similar arrangement which is also not adjustable, but may be attached to one side or the other of the machine. King's specification contains the following statement: " * * * Another feature which I desire to call attention to is the fact that the coin chute 51 may be readily changed from right to left or vice versa by removing the plate 77 (see Figure 5) on the side of the

machine and the screws 78 which hold the coin chute in position, reversing the coin chute, and putting the plate 77 on the opposite side to close the opening 79. This permits the device to be placed in positions in corners close to walls or other obstructions where the ordinary changer could not be placed if the coin chute should happen to be on the wrong side.".

Clarke discloses an adjustable swivel chute-head which is capable of being swung horizontally or vertically. Clarke does not state any specific use to which his device may be adapted, except that it is for "handling material in bulk."

The appellant makes the contention that Clarke should not be used as a reference because the arts are not analogous. We are of opinion that this position is not well taken. It would seem reasonable to suppose that one claiming as a patentable feature an adjustable chute or spout would naturally look to the art of chutes or spouts to discover whether there were anything patentable in his device.

Adjustability is usually not a patentable subject-matter unless the adjustability is made in a new and improved way. Making parts adjustable is not invention, if the ordinary ingenuity of a skilled mechanic can accomplish it. In re Tucker and Reeves, 46 F.(2d) 214, 18 C. C. P. A. 875; Smyth Mfg. Co. v. Sheridan et al. (C. C. A.) 149 F. 208.

In our opinion the claims were properly rejected on the grounds stated by the Board of Appeals, and its decision is therefore affirmed.

Affirmed.