504

35 C.C.P.A.(Patents)
### Application of RAY.
**Patent Appeal No. 5381.**

Court of Customs and Patent Appeals
April 6, 1948.

John Flam, of Los Angeles, Cal. (I. Richard Paris, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

JACKSON, Associate Judge.

Appellant has appealed from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting claims 7, 9, 18, 19, 29, and 31 to 33 inclusive of an application for a patent alleging new and useful improvements in a "Thermocouple Operated Control System." Seven claims were allowed.

The examiner rejected all of the involved claims as unpatentable over the prior art which is as follows: Harrison 1,863,373 June 14, 1932; Ray 2,084,654 June 22, 1937; Alder 2,186,948 January 16, 1940; Alfery 2,305,585 December 22, 1942.

■ The Board of Appeals expressly affirmed the rejection of the examiner as to claims 29, 31, and 33. With respect to the other involved claims, the board expressly rejected them as not reading on the elected species. That action was a new ground of rejection made pursuant to the provisions of Rule 139 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A.Appendix. Appellant did not request that that ground of rejection be reconsidered by the board, nor did he ask that the case be remanded to the Primary Examiner for further consideration. In his appeal here, appellant assigned no error in the board's rejection on the ground of not reading on the elected species, and, therefore, that rejection with respect to all of the appealed claims, with the exception of claims 29, 31, and 33, is affirmed without consideration of its merit. In re Boyce, 144 F.2d 896, 32 C.C.P.A., Patents, 718, and the long list of authorities cited therein.

Claim 29 is considered illustrative of the subject matter of claims 29, 31, and 33 and reads as follows: "29. A thermocouple structure formed of two end conductors and an intermediate conductor, all three conductors being serially joined to form a pair of thermoelectric junctions, said end conductors being of thermoelectrically similar materials, and said intermediate conductor being of a material thermoelectrical-ly dissimilar to that of the end conductors, both junctions thus formed being inserted in a flame and located at points in the flame that would have substantially the same temperature if the junctions be removed from the flame, said conductors being of such size and constructed in such a manner as to cause unequal temperatures to exist steadily at said points."

Appellant's application discloses several different arrangements of thermocouples intended to operate in a control system for fuel burning furnaces in accordance with the temperatures in the furnace. He shows a thermocouple composed of two different metals joined together at two junction points. When those points are maintained at different temperatures an electric current will be generated in the couple. The required difference in temperature between the two junctions is procured by subjecting the metal conductors forming the junctions to flame temperature or by the shielding effect of one conductor upon another or both, whether the couple is entirely in the flame or away from the flame. In the latter case the thermocouple is affected by radiant heat and the desired temperature differential effects are obtained by appropriately spacing the junctions from each other.

The board held that the species elected for prosecution of this application is exemplified in the arrangement of Fig. 8 of the application. In that figure there are two members made of one metal, one member being larger in diameter than the other, the ends of which are joined by a member of different metal. The members are joined at points which are within the flame of a burner. For the reason that one of the first mentioned two members is larger than the other, it conducts heat away from the flame more quickly than the member of lesser diameter, resulting, at the point where the wider diameter member meets the joining member, in a lower temperature than that of the other junction point. Other figures disclose an arrangement in which the junction points are kept at different temperatures and so locating them that one shields the other from heat.

The Harrison patent relates to the regulation of temperatures, gas pressures, and

mixtures, fuel quality, flame lengths and the like. It discloses a thermocouple located within the flame of a burner with both of its junctions spaced one above the other.

Since claims 29, 31 and 33 were each rejected as unpatentable over the Harrison reference by both tribunals below, it is not necessary to discuss the other references.

With respect to claim 29, appellant does not challenge the statement of the examiner that the patent to Harrison discloses a thermocouple of the type comprising end conductors of similar materials and the short intermediate conductor between the points is of a different material. We agree that the Harrison patent completely anticipates the limitations of claim 29 with the exception of the last clause "said conductors being of such size and constructed in such a manner as to cause unequal temperatures to exist steadily at said points." That clause, however, we do not deem a structural limitation for the reason that the structure is not defined in terms of what it is but of what it does. In the case of General Electric Co. v. Wabash Appliance Corporation et al., 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402, the Supreme Court held that a claim should not be allowed when it discloses "nothing new except perhaps in functional terms." Accordingly we are of opinion that the rejection of claim 29 was proper.

As to claims 31 and 33, the Harrison patent clearly discloses all of the actual structure defined therein. In each of those claims a functional limitation occurs which is not shown in the Harrison patent. The thermocouple of that patent is made up of two end conductors and an intermediate conductor serially joined to form two junction points as is required by claim 31, and it appears to be conventional in forming a differential thermocouple therefor, that both end conductors are similar in material to each other with the intermediate conductor of a different substance. As heretofore noted, both junctions in the structure of the Harrison patent are located in the flame at points having the same temperature if the junctions were removed. That is conceded by appellant in his brief. Furthermore, it is clear from the drawing of the Harrison patent that the lower end conductor is.

placed between the upper end conductor and the root of the flame, thereby shielding the upper junction.

The remaining portion of the claim, "to shield said other end conductor effectively and thereby reduce the temperature adjacent that junction which is formed by said other end conductor and the intermediate conductor," is obviously a statement of function and cannot lend patentability to the claim because the actual structure recited therein is disclosed by the reference. Application of Griswold, 152 F.2d 1014, 33 C.C.P.A., Patents, 799, 802; In re Stattmann, 146 F.2d 290, 32 C.C.P.A., Patents, 813; In re Carr, 120 F.2d 386, 28 C.C.P.A., Patents, 1240, 1244.

Claim 33 is similar to claim 31 with the exception of containing an additional statement that the end conductors are of the same cross-sectional arrangement. End conductors, having cross-sectional arrangement, are shown in the device of the Harrison patent, and that claim is met by that patent reference in the same manner as claim 31. Claim 33 has as a functional limitation, "thus serving to shield the other end conductor from the flame." Therefore, that claim is met by the Harrison reference in the same respect as claim 31.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision