39 C.C.P.A. (Patents)
### In re SCHWARTZ et al.
### No. 5851.

United States Court of Customs and Patent Appeals.

March 18, 1952.

Maurice S. Cayne, Chicago, Ill., for appellants.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

The Board of Appeals of the United States Patent Office affirmed the decision of the Primary Examiner finally rejecting all of the claims 3, 4, 8, and 14 of an application, serial No. 647,935, for a Lamp Fixture, because of lack of invention in view of the prior art. From the decision of the Board this appeal was taken.

The claims are not separately treated in the brief filed on behalf of appellants, therefore, it is not necessary to discuss them separately.

Claim 3 is illustrative of the involved subject matter and reads as follows:

"3. A lamp comprising a bowl-shaped lower portion having an inwardly turned upper margin, an inverted bell-shaped upper portion, and a light source contained in said lower portion, said lower portion being formed of light diffusing material and arranged to deflect in a downwardly direction certain rays of light impinging on said upper margin and arranged also to direct upwardly certain other rays of light from said source."

The cited references are:

Schneider     241,730     May 17, 1881
White     1,396,486     Nov. 8, 1921.

The application shows a lamp fixture so designed as to direct light in both upward-

ly and downwardly directions. In construction, it consists of a lower bowl member made of translucent material on the top of which is an inverted bell-shaped opaque reflector. The source of light is located in the bowl member.

The Schneider patent relates to a combined globe and chimney for lamps. The structure of the apparatus, as shown in the drawings, discloses a bowl-shaped lower member with an inwardly turned upper margin on top of which is a bell-shaped upper portion. The light source is contained in the bowl which is made of transparent material.

The White reference relates to a lighting fixture comprising at its lowest part a bowl-shaped member of translucent glass, on top of which there is an inverted opaque bell-shaped reflector. The light source is in the area of the reflector.

All of the claims were rejected by the examiner as unpatentable over the Schneider reference for the stated reason that "they are considered to define thereover only by such functional statements as 'arranged to deflect—.'" He further rejected the claims on the ground that there was no invention in having a light source extend into the lower member of the White fixture, as suggested in the structure of the Schneider patent.

While reference is made in the decision below with respect to functional statements in the claims, counsel for appellant in his brief states that no reliance is placed on conventional functional statements to distinguish the claims from the structures of the Schneider and White patents. Therefore, it is unnecessary to discuss the well-established principle that functional statements alone may not be relied upon to establish patentability of claims.

While it is true that the light fixtures of the prior art do not correspond to the construction set out in the involved claims, in our opinion, the difference is not such as to render the claims patentable over that art.

It is clear that the elements of the claims are old and we fail to see where invention is involved by putting them together as is here done. While it may be, as alleged by counsel for appellant, the result of the functioning of the structure of the claims results in better illumination, it does not follow that invention was required to make the changes responsible for such improvement. In re Cady, 111 F.2d 899, 27 C.C.P.A., Patents, 1208, quoting from Pearce v. Mulford, 102 U.S. 112, 26 L.Ed. 93.

It is clear to us that the bowl-shaped lower portion of the structure of the Schneider patent has an inwardly turned upper margin. It is also clear that the inverted bell-shaped upper portion of the structure of the claims is certainly shown in the drawing of the White patent. While the bowl of the Schneider structure is not formed of translucent or light diffusing material, it certainly would not involve invention to substitute translucent glass for the glass of that patent in view of the White disclosure.

While it is true that in the White structure the source of light is located in the top element and not in the lower portion, it certainly would not involve invention to extend such light source into the lower portion of the fixture in view of the Schneider patent.

For the reasons hereinbefore set out, the decision of the Board of Appeals is affirmed.

Affirmed.