40 C.C.P.A. (Patents)

## Application of PATZER.
## Patent Appeal No. 5936.

United States Court of Customs and Patent Appeals.

Feb. 6, 1953.

Clarence E. Threedy, Chicago, Ill., for appellant.

E. L. Reynolds, Washington, D. C., for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY and COLE, Judges.

GARRETT, Chief Judge.

Appellant here seeks review and reversal of the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of a claim numbered 3 in appellant's application for patent entitled "Improvements in Coin Selector."

Other claims were involved in the appeal from the decision of the examiner to the board, but upon motion of counsel for appellant the appeal as to them was dismissed by the board and they are not before us.

Claim 3 reads:

"3. A cradle for a coin selector comprising a member providing a projection, a second member providing another projection disposed in a preselected position with respect to the first projection to cooperate with the first projection to support therebetween a coin of proper diameter, and means for adjustably connecting the second member to the first member whereby to adjust the second projection in said preselected position with respect to the first-named projection."

The claim at issue, which relates solely to the cradle feature of a coin selector, was held to be unpatentable over the prior art defined in the following patents: Smith et al. 365,353 June 21, 1887; Williamson 1,802,488 Apr. 28, 1931; Fry 2,292,628 Aug. 11, 1942.

All three of the references are in the same field of art as the application of appellant.

The specification of appellant's application contains a complicated description of the mechanism of a coin selector, which need not be repeated in detail inasmuch as the claim is limited to the cradle.

The drawings show an integral finger having an inturned end providing a projection. An extended portion may be formed as an integral part of the cradle to serve as a counterweight. The cradle has an arcuate slot with a pin mounted therein. The pin provides a shoulder from which extends a threaded stud on which a nut is threaded by which the pin may be adjustably fixed in a preselected position with respect to the slot and with respect to the projection provided by the inturned end of the finger. By the means so described the inturned end of the finger and the shoulder provided by the pin may be spaced to receive coins of three different dimensions, namely, coins of 25-cent, 10-cent and 5-cent denominations.

In one of the figures of the Fry patent drawings a cradle is shown having arms which carry lugs that correspond to the projections (the inturned finger and shoulder) described in appellant's device, but no means for adjusting the spacing of the lugs are provided in the Fry patent.

The patent to Smith et al. shows a coin receiving and directing means having spaced members, one of which is movable from and toward the other by means of a screw so that, according to the description given in the specification, the width of the aperture through which the coin is introduced into the machine "can be adjusted to any desired size of coin or metallic disk."

The patent to Williamson, which is entitled "Coin Controlled Operating Mechanism for Vending Machines", shows what the specification characterizes as "a pocket having opposed walls", in one of which there is a screw that renders it adjustable with reference to the other wall so that the coin receiving space may be varied to accommodate coins of different dimensions.

A much emphasized feature of appellant's device is described as follows:

"* * * It is * * * an object of this invention to provide a cradle, the projections of which may be adjusted relative to each other to accommodate coins of proper weight but of a diameter slightly under that of the genuine coin."

It is explained that the purpose of this feature is to care for coins which become so worn by use that their diameters are reduced with the result that they will not be discharged from the cradle into the acceptance pathway of the machine but will cling to the cradle and sometimes become tightly wedged between the projections. It is said that this difficulty may be remedied readily and quickly with the minimum degree of labor "by merely adjusting the coin supporting projections to a proper and required position."

It will be observed that so far as the claim (which always is the measure of an invention) is concerned, there is no description of any particular means by which the desired functions appertaining to a coin selector are performed. The specification recites certain means not reflected in the claim.

The claim in itself is broad enough to cover all means of adjustment, including the means disclosed in the prior art cited.

In the case of In re Brandt, 64 F.2d 693, 694, 20 C.C.P.A., Patents, 1005, which involved patentability of a coin handling device, we had occasion to say:

"Adjustability is usually not a patentable subject-matter unless the adjustability is made in a new and improved way. Making parts adjustable is not invention, if the ordinary ingenuity of a skilled mechanic can accomplish it. In re Tucker and Reeves, 46 F.2d 214, 18 C.C.P.A., Patents, 875; Smyth Mfg. Co. v. Sheridan, 2 Cir., 149 F. 208."

It does not seem to us that it required invention to make the mechanism defined in the Fry patent adjustable, particularly in view of the Smith et al. and Williamson patents.

The decision of the Board of Appeals is affirmed.

Affirmed.