41 C.C.P.A. (Patents)

**Application of STEVENS.**

**Patent Appeal No. 6032.**

United States Court of Customs and Patent Appeals.

April 9, 1954.

C. G. Stratton, Los Angeles, Cal. (Dos T. Hatfield, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON, Judges.

JACKSON, Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting two claims of a patent application, Serial No. 81,821, dated March 16, 1949, for a Casting Rod Handle.

The claims were rejected as unpatentable over the following prior art:

Bagley 945,074 Jan. 4, 1910;
Falge et al. 1,909,526 May 16, 1933;
Teetor 2,000,263 May 7, 1935;
Yuncker 2,186,515 Jan. 9, 1940;
Crosby 2,260,885 Oct. 28, 1941.

Three claims were allowed.

The rejected claims are as follows:

"21. In combination, an elongated reel-supporting body mounting a casting rod at one end thereof, a hand grip connected to the other end of said body, means disposed between the body and the hand grip to universally adjust the angle of the hand grip relative to the axial disposition of the rod, and a grip for a finger of the hand grasping the hand grip and longitudinally adjustably

carried by the body between the ends thereof.

"22. In combination, an elongated reel-supporting body mounting a casting rod at one end thereof, a hand grip connected to the other end of said body, means disposed between the body and the hand grip to universally adjust the degree and angle of the hand grip relative to the axial disposition of the rod, and a grip for a finger of the hand grasping the hand grip and longitudinally adjustably carried by the body between the ends thereof."

As may be noted, the claims relate to a handle for a fishing rod. The hand grip of the handle connects with the body portion by means of a universal joint and the handle is also provided with a longitudinally adjustable finger hook.

The Bagley patent relates to a hanger for electric fixtures and the like and discloses a conventional universal joint connecting a rod to a body mounted upon a ceiling.

The Falge et al. reference is for a rear view mirror holder. That patent also discloses an adjustable universal coupling between two members.

The Teetor patent was obtained for a fishing rod handle. Its principal object is said to be the providing of a fishing rod with a handle having a grip which may be located in a position that constitutes substantially an elongation of the rod or may be passed to a position that is downwardly inclined with respect to the rod after the manner of a pistol grip. The hand grip is pivotably attached so that, in an elevated position, it may be straight with the rod and, of course, when it is lowered to the pistol grip position it may be held at any angle from horizontal to its lowest position, the rod thus being shortened.

The Yuncker patent is entitled "Adjustable Finger Grip For Fishing Rods." The primary purpose of the invention is the provision of an adjustable finger grip or hook, which is mounted and arranged for coaction with the hand grip. The purpose of the adjustability of the finger grip is for convenience of use by fishermen whose hands may be of different sizes.

The Crosby patent is for a mounting for fishing reels. A longitudinally adjustable finger grip is disclosed in the patent.

The involved claims were rejected as unpatentable over the Teetor reference in view of either the Bagley or Falge et al. patents and in view of either the Yuncker or Crosby references.

The structure defined in the appealed claims depicts a structure which is different from the conventional fishing rod handle in that the hand grip is universally adjustable with respect to the handle body and the finger grip is longitudinally adjustable.

The question before us is whether or not the two mentioned differences from the conventional fishing rod produces a combination not suggested by the prior art and whether the result of such combination is not inherent in either of the said adjustments.

The tribunals below were of opinion that the adjustable hand grip of the device of the Teetor patent could, if desirable, be provided with a universal connection and that such use would be obvious by reason of the use of such joints in so many of the arts showing a common use. Such use, in the opinion of the Patent Office officials, is exemplified by the Bagley and Falge et al. patents, and that, since the adjustable finger grip was held to be suggested by the device of Yuncker, it would not involve anything more than the exercise of ordinary skill in producing the fishing rod handle designed by the rejected claims.

It appears to us that it would be no more than a logical step, if so desired, to substitute for the single pivot of the patent the universal joint. Of course, the need for adjustment in a fishing rod is something, according to the record, that has long been recognized as desirable for the reason that some fishermen like to see what particular angle best suits their own hands and their method of casting. We believe, as

argued in the brief of the Solicitor, that the use of the universal connection for different users would suggest itself to any imaginative person equipped to deal with the problem.

We have in many cases noted that the provision of adjustability, where needed, is not a patentable advance. In re Brandt, 64 F.2d 693, 20 C.C.P.A., Patents, 1005.

It is contended by counsel for appellant that it is not the universal joint alone nor the movable finger hook that lends patentability to the claim. Therefore, invention must depend upon showing that the two arrangements cooperate in such fashion as to produce a new, unobvious, and unexpected result. In re Lindberg, 194 F.2d 732, 39 C.C.P.A., Patents, 866.

In that case we stated that, while new combinations of old arrangements may be patentable, not all new combinations are patentable. The elements entering into the combination must cooperate so as to produce a new, unobvious, and unexpected result but, in the absence of invention, utility and novelty are not sufficient to support allowance for claims of a patent. Likewise, in the case of In re Drisch, 189 F.2d 994, 28 C.C.P.A., Patents, 1150, we reiterated the same principle. See also In re Schwartz, 195 F.2d 327, 39 C.C.P.A., Patents, 880. It is clear here, as we stated in that case, that the elements are old but we cannot see where it involves invention to put the elements together as was here done. It may be that in the functioning of the structure of the claims better performance results but it does not follow that the inventive faculty was required to make the change responsible for such improvement.

We find no supporting evidence to the argument of counsel for the appellant that the combination set out in the claims "creates a new function—control of height or flatness of trajectory and accuracy of a cast * * *." Neither do we find anything in the record to show that, by reason of the structure defined in the claims, the fisherman would have better control of the rod tip. Unexpected and novel results could have been shown, in our opinion, and as argued by the Solicitor, by comparative tests of the rod of appellant with those having either of the adjustments alone. In re Franz, 190 F.2d 86, 38 C.C.P.A., Patents, 1206.

The record contains a statement appearing in "Sporting Goods Dealer," which does not support any contention made by counsel for appellant. On the contrary, it states that "What strikes me as oddest about it is that it isn't odd —looks and performs like any other neat, light handle."

As far as this record is concerned, it appears to us that the finger grip of the Yuncker device, when used on a rod with an adjustable handle, would only perform its usual and expected function.

For the reasons hereinbefore stated, the decision of the Board of Appeals is *affirmed.*

Affirmed.

JACKSON, Judge, retired, sat in place of GARRETT, Chief Judge.

JOHNSON and COLE, JJ., dissent.