48 CCPA

**Application of Murray DULBERG.**
**Patent Appeal No. 6627.**

United States Court of Customs
and Patent Appeals.
May 5, 1961.

Murray Dulberg, pro se.

Clarence W. Moore, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel, for Comr. of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and WILLIAM H. KIRKPATRICK, Judge.[1]

SMITH, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the primary examiner of claims 1 and 2 of appellant's application No.

[1]. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge*

550,974 for a patent on a holder for "soft sticks such as lipsticks."

Claim 1, which is representative of the appealed claims, is as follows:

"1. A holder for soft sticks comprising: an elongated holder body having an internal opening extending longitudinally therethrough, a carrier having a longitudinally extending peripheral wall for frictionally engaging one end of a soft stick and having a laterally extending wall for limiting movement of said soft stick in one direction relative to said peripheral wall, said carrier being open at both ends and said laterally extending wall forming a passage of lesser diameter than the internal opening extending through the longitudinally extending peripheral wall which frictionally engages the soft stick in assembled position, said carrier being positioned in said holder body internal opening, cooperative means between said carrier and said holder body for advancing and retracting said carrier relative to said holder body, and the bottom opening of said holder body and of said passage formed by the laterally extending wall of said carrier being sufficiently large to permit an instrument having sufficient surface engaging area to push against the bottom of the soft stick without passing through the soft stick, for ejecting the soft stick from said carrier, to pass through said bottom opening of the holder body and through said passage of the carrier."

The references relied on are:

Noble     1,632,765   June 14, 1927
Peterson  2,273,138  Feb. 17, 1942

Appellant's application discloses a lipstick holder comprising relatively rotatable inner and outer sleeves and a carrier which engages one end of the lipstick. The carrier is mounted within the inner sleeve. The sleeves and carrier are so arranged and connected that relative

O'CONNELL, pursuant to provisions of Section 294(d), Title 28 U.S.C.

movement between the sleeves will cause the carrier to be longitudinally advanced or retracted. The sleeves and carrier are open at both ends and a removable cap is provided which may be fitted over one end of the outer sleeve, thus closing one end of the assembly. The carrier is provided at one end with an inwardly extending annular bead which serves as a stop for an end of a lipstick inserted from the other end of the carrier. When a worn lipstick is to be replaced, a pencil or similar instrument may be inserted through the annulus of the bead portion of the carrier to push the remainder of the old lipstick out of the carrier, after which a new lipstick may be inserted.

The Noble patent shows an arrangement of inner and outer sleeves, carrier and removable end cap similar to that of appellant, but the carrier is not provided with a bead or similar restriction.

The Peterson patent also shows an arrangement of relatively rotatable inner and outer sleeves and carrier similar to appellant's one end of the assembly being closed by a cap which is said to be held in place by a "pressed fit." The carrier is provided with an inwardly extending annular bead which limits the movement of the lipstick in one direction, and the end of the carrier adjacent this bead is open, but provided with an inwardly extending flange, while the opening in the opposite end of the carrier is unrestricted.

The examiner rejected the appealed claims on Noble in view of Peterson and also on Peterson alone. The board affirmed the rejection but also held the claims unpatentable over Peterson in view of Noble. Appellant contends that the examiner's rejection on Peterson alone was withdrawn before the appeal reached the board. We need not consider whether that is the case since it was proper for the board to rely on Peterson alone or Peterson in view of Noble, as a ground of rejection under Patent Office Rule 196(b), 35 U.S.C.A.Appendix. Accordingly, those grounds are properly before us. In re Ray, 167 F.2d 504, 35 CCPA 1088, and we shall consider them first.

As stated by the board, the Peterson structure fully meets the terms of the appealed claims if the cap which is said to be "press fitted" is removable. Appellant contends that in a press fit the parts fit so tightly that they cannot be manually removed and that accordingly one end of Peterson's assembly is permanently closed by the cap, so that there is no opening extending longitudinally through the holder, as required by the claims.

We agree with the board that, whether Peterson's cap is intended to be manually removable, it would be obvious to make it so. Whether a cap is made manually removable depends upon whether it is desired to gain ready access to the space covered by the cap. If it were considered desirable for any reason to obtain access to the end of Peterson's holder to which the cap is applied, it would be obvious to make the cap removable for that purpose. That could be done by anyone having the ordinary skills of this art simply by making the fit sufficiently loose to permit the ready manual removal of the cap. No specific prior art teaching would be necessary to show that operation. Even so, we find such a teaching in the Noble patent which shows a removable cap in a structure closely similar to that of Peterson.

A large part of appellant's argument is directed to his method of removing the used lipstick by pushing it out of the carrier, but the appealed claims are not drawn to that method. The claims are directed to a structure, each element of which is old in Peterson. The Peterson structure fully satisfies the terms of each of the appealed claims with the addition of the obvious expedient of making the cap readily removable. Accordingly, it is immaterial that neither Peterson nor Noble actually suggests pushing the remnant of the old lipstick out of the carrier.

Moreover, it is both obvious and common to remove obstructions from the interior of tubular articles by pushing

them out by means of an inserted member. Examples are found in many fields such as pipe cleaners, plumber's snakes and gun cleaning rods. We are of the opinion that it would be obvious to remove the lipstick from Peterson's device by pushing it out of the unrestricted end of the carrier by an element inserted through the opening in the restricted end, and that it would also be obvious to make the cap removable for that purpose.

 For the reasons given, we find that the appealed claims are unpatentable over Peterson, either alone or in view of Noble, and it is therefore unnecessary to consider the rejection on Noble in view of Peterson.

The decision is affirmed.

Affirmed.