55 CCPA

**Application of Tomoyuki KOHNO.**
**Patent Appeal No. 7933.**

United States Court of Customs and Patent Appeals.
April 11, 1968.

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 140,432, filed September 25, 1961.

Edmund M. Squire, New York City (Laforest S. Saulsbury, New York City, of counsel), for appellant.

Joseph Schimmel, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge and RICH, SMITH, ALMOND and KIRKPATRICK, Judges.*

WORLEY, Chief Judge.

Kohno appeals from the decision of the Board of Appeals affirming the examiner's rejection of claims 3–8 in appellant's application [1] for "Miniature Variable Condensors" as "unpatentable over Osnos [2] in view of Lechopiez [3] under 35 U.S.C. 103."

Rather than connecting the two insulating end plates of a variable capacitor by utilizing nuts and through bolts surrounded by insulative spacers at the corners of the end plates to form the framework of the capacitor, as Osnos shows to be conventional in the prior art, appellant provides the corners of one end plate of his device with threaded, integrally-formed support screws or bolts which extend to and permit attachment of the other plate. Thus, in one disclosed embodiment the base and supporting screws are molded as a single part from an insulating resin. In another, the heads of metal fastening screws are embedded in a synthetic resin end plate while the shanks of the screws are coated nearly their full length with insulating resin. The subject matter is reflected in claim 3:

3. A variable capacitor comprising: a base plate member formed of insulat-

2. U.S. Patent No. 2,079,921, May 11, 1937.

3. French Patent No. 934,088, January 7, 1948.

ing material; a plurality of spaced elongated parallel supports extending outwardly from said base plate member, *said supports being at least partially integrally formed with said base plate* to provide external electrically insulative surfaces which are continuations of the surfaces of said base plate member; at least one stator plate mounted on at least two of said supports; electrically insulative spacer means laterally surrounding said two supports *for holding said stator plate against longitudinal movement along said two supports*; a rotor member mounted in said base plate for rotation about an axis parallel to the longitudinal axes of said supports; and at least one rotor plate carried by said rotor member and cooperating with said stator plate to provide a capacitance between said plates which may be varied by rotation of said rotor member. (Emphasis supplied)

The examiner found that Osnos disclosed all the features of the claims but for recitations corresponding to the italicized portion of claim 3 above. The examiner thought it would be obvious to one of ordinary skill in the art to mold the base and connecting bolt parts of Osnos in one piece, particularly in view of such "common occurrences of integral formation of rods in bases" in the electrical arts as "stand-off terminals and vacuum tube pins." He relied upon the

French patent to show that threaded bolts partially coated with insulating resin had previously been employed in electrical devices where it was desirable to electrically insulate the bolt from other components, and considered it obvious to substitute integral or partially integral insulation for all or part of the insulative spacers of Osnos. "It is not unreasonable," said the examiner, "that the combination taught by the references be considered to be integrally formed when assembled." The board agreed.

We agree with the Patent Office as to obviousness of the claimed subject matter. Wholly apart from whether the Osnos construction as modified by the French patent may be considered "integrally formed,"[4] we think that one of ordinary skill in the art would readily appreciate that insulating projections performing the function of the support screws of Osnos could readily be molded as part of the base plate to form a unitary, one piece structure. See In re Fridolph, 309 F.2d 509, 50 CCPA 745.

With due regard for appellant's arguments, we are satisfied the board committed no error in affirming the rejection.

*The decision is affirmed.*

Affirmed.

KIRKPATRICK, J., took no part in the decision of this case.

---

4. That the expression "integral" in the present context has a somewhat broader connotation than appellant argues and is not necessarily restricted to a one-piece article is clear from the definition of that term as discussed in Henderson v. Grable, 339 F.2d 465, 52 CCPA 920 and In re Larson, 340 F.2d 965, 52 CCPA 930.