55 CCPA
### Application of John A. GALE.
#### Patent Appeal No. 7962.
United States Court of Customs and Patent Appeals.
June 27, 1968.

James R. Cwayna, Edina, Minn., (James W. Dent, Washington, D. C., of counsel) for appellant.

Joseph Schimmel, Washington, D. C., (Fred W. Sherling, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND and KIRKPATRICK,* Judges.

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals affirming the rejection on prior art of claims 14 and 17 of appellant's application[1] entitled "Seating Structure."

The invention relates to a chair which provides seat and back portions in one integral plastic unit. The unit, which is preferably blow-molded, is formed with a front or top section including the seat and back portions for the occupant and a rear or bottom section spaced therefrom to provide a hollow cavity therebetween and furnish support to the front section. In the modification of the device most pertinent here, the unit rests on a base member with coupling means provided therebetween to permit it to pivot about a vertical axis.

The structure may be more fully understood by reference to Fig. 7 of the application and the appealed claims, to which claims we have added bracketed reference numerals identifying the parts shown in that figure:

FIG. 7

14. A chair device [10c] comprising a unitary integral, hollow, molded, resilient, plastic upper chair structure [11c] including an integral, generally

1. The application, serial No. 268,492, filed March 27, 1963, includes three allowed claims.

upwardly concave, continuous upper panel [13c] shaped to define a continuous contoured seat portion [14c] and back rest portion [15c], an integral, generally downwardly convex continuous lower panel [18c and 19c] spaced from said upper panel and being integrally formed at its peripheral edges with the upper peripheral edges of the upper panel, an upstanding lower chair structure [12c] flaring outwardly and downwardly from the upper portion thereof, and cooperating releasable coupling means on the upper portion of said lower chair structure and on the lower panel of said upper chair structure respectively, pivotally and releasably interconnecting said chair structures together, and comprising a male socket element [32c and 33c] fixedly carried by one of said chair structures and a hollow female socket element [25c and 26c] fixedly carried by the other of said chair structures releasably engaging said male socket element and permitting revolving movement of said chair structures relative to each other about a substantially vertical axis.

17. A hollow chair structure [10c] comprising a one-piece continuous sheet-like lamina body [11c] formed of homogeneous thermoplastic material throughout defining an occupant supporting panel portion [13c] contoured and shaped to define a seat portion [14c] and a back rest portion [15c], said body also defining a supporting panel portion [18c and 19c] spaced from said occupant supporting panel portion to define a completely unobstructed substantially enclosed cavity [21c] therewithin whereby the substantially enclosed construction imparts the necessary structural integrity to the chair structure, and said supporting panel portion including portions [25c] thereof adapted to engage a support means for supporting said supporting panel, said occupant supporting panel and an occupant seated thereon.

The references are:

| | | |
|---|---|---|
| Donohue | 2,764,228 | September 25, 1956 |
| Avedon | 3,034,830 | May 15, 1962 |
| Hoven et al. (Hoven) | 3,111,344 | November 19, 1963 |
| Saarinen (Canada) | 632,584 | December 12, 1961 |

---

Donohue discloses a chair having a seating structure which is made by combining two pre-formed sections. A first sheet of plastic-impregnated fabric is molded to form a front or body-engaging section with seat and back portions conforming to the contours of the seated body. A second sheet is molded of similar material to form a backing section corresponding generally in shape and extent to the first. The two sections are joined and sealed along their edges to provide a "self-supporting unit" of bucket-seat shape having a closed air space or cavity between the sections. The unit is adapted to be supported from the floor on a suitable frame. It is stated that the body-engaging section "may be formed in part or totally of somewhat softer and less rigid sheet material than the back section so as to afford limited flexibility and resilience under body weights."

Avedon discloses a formed or bucket-seat type chair wherein the seating structure, including both the seat and back portions, is molded in one piece from a plastic material, such as polypropylene, which is flexible and resilient.

Hoven relates to a chair made up of separate seat and back portions attached to a frame. The portions are each

blow-molded from a plastic material such as polyethylene "in much the same manner as the familiar squeeze bottles in use today." Both portions are hollow. The patent states that the seat "possesses high integrity and because of its hollowness a considerable degree of resilience which makes for comfort in the chair," while the back is likewise described as "resilient."

Saarinen discloses a chair comprising an integral shell-type seating structure which is attached to a pedestal-type base. In one embodiment, the seating structure is attached to the base for pivotal movement by coupling means which includes a male member attached to the bottom of the seating structure in mating engagement with a recessed member formed within the base.

The rejections are under 35 U.S.C. § 103. The examiner held claim 14 obvious over Donohue in view of Hoven and Saarinen. He considered claim 17 obvious from two combinations of references, Donohue in view of Hoven and Hoven in view of Avedon. The board affirmed all rejections but apparently did not regard Hoven as necessary in connection with claim 14.

After acknowledging appellant's arguments, the board stated:

In connection with claim 14 stress is placed on the character of materials and articles as expressed by "integral, hollow, molded, resilient, plastic." We do not see where such recitation varies from the shape retaining fabric reinforced plastic sheet presented by Donohue as "sufficiently rigid as to substantially maintain its pre-established shape under loadings." * * * While Donohue states that his front section may be less rigid, we find nothing within claim 14 to exclude such variation and further are convinced that persons of ordinary skill in the art would understand that it would be no more than an obvious use of the Donohue teachings to form front and back panels of equal rigidity. The bonded structure taught in Donohue satisfies the recitation "integral" as above quoted. See In re Larson et al., 52 CCPA 930; [340 F.2d 965,] 144 USPQ 347. The Donohue plastic unit is attached to a support structure and it appears to us that no more than routine substitution of old support expedients is involved in using support structure from the Saarinen combination. Fastener expedients to implement such fabrication with or without access to the inside of the wall structures of the chair seat are well known and do not appear to us to defeat the obvious character of such substitution. * * *

We find no error in that analysis and think that it answers the substance of appellant's arguments before us. Appellant does contend here that one utilizing Saarinen's teachings to fasten the seat and support (base) structures together would include additional mechanical attachment units while his own attachment members are integral with the two structures making up his article. That argument is of little significance, however, in view of the fact that the claim requires merely that the coupling means be "on" the upper portion of the lower chair structure and the lower panel of the upper chair structure and that the male and female socket elements be "fixedly carried" by the structures, a condition clearly met by substitution of the coupling means of Saarinen as referred to by the board.

As to claim 17, the board stated:

Rejection of claim 17 involving Donohue in view of Hoven et al. presents a more direct need to rely on Hoven et al. for the fabrication of a two walled seat element of "homogeneous thermoplastic material." Without deciding that bonded panels in Donohue of identical characteristics would satisfy this terminology, we share the Examiner's view that Hoven et al. teach the molding of one piece structure to simultaneously form two such panels. We see nothing unobvious in the article so produced by reason of extension of the design to include seat and back portions. Claim 17 does not exclude

the use of suspending framework as taught in Hoven et al. and does not require it. A balloonlike bag placed on the floor for use as a seat would present every element and contour required by claim 14 [sic: 17]. While appellant argues that pliable character for the seat is a feature of his structure, claim 17 requires no such character and is met by structure as in Donohue even if fabricated in the most rigid possible form. Such selection would be clearly adapted to the post support of Saarinen and be a clear substitute for the chair structure of that reference. * * *

We also agree with those views of the board. The fact, emphasized by appellant, that his structure lacks the separate rigid frame connection which Hoven provides between the seat rest and back rest portions is not material. The seat and back portions are unitary in the basic reference, Donohue, and Hoven is relied on as a suggestion that such structure be formed by blow-molding.

We also agree with the additional rejection of claim 17 as obvious over Hoven in view of Avedon. The unitary seating structure with both seat and back portions in Avedon clearly suggests fabricating the hollow seat and back portions of Hoven in a single piece.

The decision is affirmed.

Affirmed.